**John R. EVANS, Plaintiff–Appellant,**

v.

**Michael MORGAN, Defendant–Appellee.**

No. 04–1693.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 16, 2004.

Decided Jan. 5, 2005.

Rehearing Denied Feb. 11, 2005.

Paul A. Kinne, Gingras, Cates & Luebke, Madison, WI, for Plaintiff–Appellant.

John R. Sweeney, Office of the Attorney General, Madison, WI, for Defendant–Appellee.

Before RIPPLE, EVANS, and SYKES, Circuit Judges.

## ORDER

John Evans began working as a lawyer with the Wisconsin Department of Revenue in 1977. In 1991, he became chief legal counsel for the Department. A year later, he obtained, under Wisconsin rules, "permanent status" with respect to his position, which meant, among other things, that he could not be demoted without just cause. The head of the Wisconsin Department of Revenue (the "Secretary") from 1987 through 2002 was an executive cabinet-level appointee of Governor Tommy Thompson, a Republican, who resigned in 2001 to join the cabinet of President George W. Bush. When Wisconsin elected a new governor, Democrat Jim Doyle in November 2002, the Secretary of the Department of Revenue became Michael Morgan. Quite naturally, Morgan wanted a new team in place at the high end of the Department and, after some research on the point to determine if a move could be made, Evans was transferred to a staff attorney position.

Unhappy with the turn of events, Evans filed a complaint with the Wisconsin Personnel Commission. He also filed this suit, claiming that he was deprived of a property interest in his chief legal counsel position without due process of law. He asserted that he should have been afforded due process before the reassignment. The district court granted summary judgment to Morgan, concluding that, although Evans was deprived of a property interest, he had an adequate opportunity to challenge the move after the fact and that was all the process due.

Under Wisconsin law, an employee with permanent status may be "removed, suspended without pay, discharged, reduced in base pay or demoted only for just cause." Wis. Stat. § 230.34(1)(a). Evans's complaint with the Wisconsin Personnel Commission contends that he was demoted without just cause. The Commission has stayed its proceedings while this litigation unfolds.

In granting summary judgment for Morgan, the district court concluded that Evans had a property interest in not being demoted without just cause, and that his reassignment constituted a demotion because it placed him in a lower job classification in Wisconsin's civil service system. The court further concluded that Evans was not denied due process because Wisconsin offered him an adequate postdeprivation procedure to contest the job change—namely, the ability to challenge the action before the Wisconsin Personnel Commission. The court interpreted Morgan's decision to be a "random and unauthorized act," as defined by the Supreme Court in *Parratt v. Taylor*, 451 U.S. 527, 541, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Zinermon v. Burch*, 494 U.S. 113, 136–38, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Consequently, a postdeprivation process was adequate to satisfy due process.

■ On appeal Evans argues that the district court erred in deciding that postdeprivation process sufficed under these facts, but we need not reach that issue because we don't believe Evans was actually demoted. To find that he was demoted, the district court observed that it was "undisputed that ... the position to which plaintiff was reassigned, 'Attorney,' is in a lower class than 'Attorney–Management,'" the status Evans enjoyed before the move. According to the record, however, the parties disputed whether Evans's new position was in a "lower class," but only Morgan offered competent evidence to the district court to support his contention that it was not. Evans did not offer competent evidence that he was demoted.

The Wisconsin Administrative Code defines the terms "demotion," "transfer," and "lower pay class." Wis. Admin. Code § ER–MRS 1.02. The code defines a transfer as "the permanent appointment of an employee to a different position as-signed to a class having the same or counter-part pay rate or pay range as a class to which any of the employee's current positions is assigned." *Id.* § ER–MRS 1.02(33). A demotion is "the permanent appointment of an employee with permanent status in one class to a position in a lower class." *Id.* § ER–MRS 1.02(5). The same section defines "lower class" as "a class assigned to a lower pay range." *Id.* § ER–MRS 1.02(15). So the distinction between a transfer and a demotion depends upon whether the new position carries a lower pay range.

In order to prove that he was demoted, Evans submitted his own affidavit swearing, without supporting evidence, that "[t]he staff attorney position is in a lower class than the Attorney–Management position." Evans also asserted that his pay range would be different, but in support he submitted only a letter from a Vocational Rehabilitation Counselor, which does nothing but recount that Evans told him that his pay ceiling was lower in his new position than it was in his old position. So to support his position that the new position was in a lower pay range and had a lower pay rate, Evans offered only a self-serving affidavit and hearsay evidence, which together are insufficient to defeat summary judgment. *See Rogers v. City of Chicago*, 320 F.3d 748, 751 (7th Cir.2003) (a party's self-serving assertions of fact and inadmissible hearsay cannot alone defeat summary judgment).

In order to prove that Evans was only transferred, Morgan offered evidence that the new position was not in a lower pay range but rather a "counterpart pay range." He submitted an affidavit of Scott Thompson, the Assistant Director of the Bureau of Human Resource Services at the Wisconsin Department of Revenue, as well as a Department of Employment Relations Bulletin, both of which say that pay

range 09–75 (chief counsel pay range) and 71–01 (staff attorney pay range) are counterpart pay ranges. At oral argument Evans suggested that Wisconsin changed its rules about counterpart pay ranges right before his reassignment, but he offered no evidence in his brief or at oral argument to support that assertion.

■ Because Morgan offered competent evidence that Evans was transferred, not demoted, and Evans did not create a dispute over this material fact with his own evidence, Morgan was entitled to summary judgment. If, however, we were to view this job action as a demotion (even within the same pay range) rather than a transfer, we would agree with the district court that Morgan's action would best be viewed as "random and unauthorized" under *Parratt* and that Wisconsin's postdeprivation procedures satisfy due process. We therefore AFFIRM the judgment of the district court.